NO.
12-07-00078-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

LARRY LEA LONG,            §          APPEAL
FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            Larry Long appeals the revocation of
his community supervision and subsequent conviction of indecency with a child,
for which he was sentenced to imprisonment for twenty years.  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  We affirm.

 

Background

            Appellant
was charged by indictment with indecency with a child and pleaded “guilty.”  The trial court deferred finding Appellant “guilty”
and placed him on community supervision for five years.  








            Thereafter,
the State filed an amended motion to revoke Appellant’s community supervision
and to proceed to final adjudication, alleging that Appellant had violated
certain terms of his community supervision. 
By its motion, the State alleged that Appellant had violated  the terms of his community supervision as
follows:  (1) Appellant had sexual
intercourse with H.S., a child younger than fourteen years of age, on September
30, 2006; (2) Appellant committed the crime of driving while intoxicated in
Gregg County, Texas on or about November 1, 2006; and (3) Appellant had contact
with H.S., a minor child, without an approved chaperone being present, on or
about September 30, 2006.  

            Subsequently,
a hearing was held on the State’s motion. 
Appellant pleaded “true” to the allegation that he committed the crime
of driving while intoxicated, but pleaded “not true” to the remaining
allegations.  Ultimately, the trial court
found that Appellant had violated the terms of his community supervision as
alleged.  Thereafter, the trial court
revoked Appellant’s community supervision, adjudicated Appellant guilty of
indecency with a child, and assessed Appellant’s punishment at imprisonment for
twenty years.  This appeal followed.

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396,18 L. Ed. 2d 493 (1967) and Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant’s counsel states that he has
diligently reviewed the appellate record and is of the opinion that the record
reflects no reversible error and that there is no error upon which an appeal
can be predicated.  He further relates
that he is well acquainted with the facts in this case.  In compliance with Anders, Gainous,
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978),
Appellant’s brief presents a chronological summation of the procedural history
of the case and further states that Appellant’s counsel is unable to raise any
arguable issues for appeal.[1] 
We have likewise reviewed the record for reversible error and have found
none.

 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits.  Having done so and finding
no reversible error, Appellant’s counsel’s motion for leave to withdraw is
hereby granted and the trial court’s judgment is affirmed.

Opinion
delivered November 30, 2007.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)











[1] Counsel for Appellant certified in his motion
to withdraw that he provided Appellant with a copy of this brief and that
Appellant was given time to file his own brief in this cause.  The time for filing such a brief has expired
and we have received no pro se brief.